Dear Mr. Freeman:
This opinion is issued in response to your request concerning the following question:
 "Does the following language contained in CCSHCS House Bill Nos. 1138, 1279, 1461, 1534, 1592 and 1634 [§ 589.040, RSMo Supp. 1980], `the Director of the Division of Corrections shall develop a program of treatment, education and rehabilitation for all persons who are serving sentences for sexual offenses' and `all persons imprisoned by the Division of Corrections for sexual assault offenses shall be required to participate in the program developed pursuant to subsection 6.1' include all inmates incarcerated in the Division of Corrections or only those incarcerated after the effective date of this Bill?"
Section 589.040, RSMo 1980 Supp., reads as follows:
 "1. The director of the division of corrections shall develop a program of treatment, education and rehabilitation for all prisoners who are serving sentences for sexual assault offenses. When developing such programs, the ultimate goal shall be the prevention of future sexual assaults by the participants in such programs, and the director shall utilize those concepts, services, programs, projects, facilities and other resources designed to achieve this goal.
 "2. All persons imprisoned by the division of corrections for sexual assault offenses shall be required to participate in the program developed pursuant to subsection 1 of this section."
The language of § 589.040 seems to be clear and unambiguous. When the language of a statute is clear and unambiguous, the plain and ordinary meaning of that language reflects the legislative intent. State ex rel. Zoological Park Subdistrictof City and County of St. Louis v. Jordan, 521 S.W.2d 369
(Mo. 1975). Subsection 2 of § 589.040, RSMo 1980 Supp., is clear in its indication that all persons imprisoned for sexual offenses shall be required to participate in the programs. Further, it is clear from subsection 1 of § 589.040
that the ultimate goal of this statute is to prevent future sexual assaults. This statute, considered in light of the conditions existing at the time of its enactment and its stated purpose, State v. Wright, 515 S.W.2d 421 (Mo. banc 1974), in our opinion, leads to the conclusion that all persons imprisoned for sexual assaults, whether such imprisonment began before or after the effective date of § 589.040, RSMo Supp. 1980, should be included in the program developed by the Director of the Division of Corrections for prisoners who are serving sentences for sexual assault offenses.
Since the programs envisioned by this statute are rehabilitative and not punitive in nature, it is the opinion of this office that it is not violative of an inmate's rights to require him to participate in this rehabilitative program, even though his imprisonment began prior to the effective date of the statute.
CONCLUSION
It is the opinion of this office that, under § 589.040, RSMo Supp. 1980, the Director of the Division of Corrections is to include, in the rehabilitative program for sexual assault offenders, all inmates who are serving sentences for sexual assault offenses, whether the imprisonment began prior or subsequent to the effective date of § 589.040, RSMo Supp.
This opinion, which I hereby approve, was prepared by my assistant, Michael Elbein.
Very truly yours,
 JOHN ASHCROFT Attorney General